```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :   20 CR 357 (VM)
     - against -                    :
                                    :   ORDER
ROLAND GREEN,                       :
                                    :
               Defendant.           :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Defendant Roland Green ("Green") requests that the Court grant him bail or place him on house arrest. (See August Letter.[1]) The Court construes Green's letter as a motion for temporary release on bail from the Metropolitan Correctional Center ("MCC") pursuant to 18 U.S.C. Section 3142(i) ("Section 3142(i)"). On September 16, 2020, the Government submitted a letter in opposition to Green's request. (See Opposition.[2]) For the reasons explained below, the Court denies Green's request for release on bail.

Section 3142(i) provides that a court may "permit the temporary release of [a pretrial defendant], in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Section 3142(i). "A

---

[1] Because the August Letter contains sensitive health information, the Court will file the letter under seal.
[2] Because the Government's Opposition contains sensitive health information, the Court will file the Opposition under seal.

1

'compelling reason' may . . . exist where a defendant's serious medical condition warrants release." United States v. Gumora, No. 20 CR 144, 2020 WL 1862361, at *4 (S.D.N.Y. Apr. 14, 2020) (citations omitted). "In considering whether there is a compelling reason for a defendant's release under this provision, however, a court must balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention." United States v. Chambers, No. 20 CR 135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (internal quotation marks omitted).

Green does not argue that temporary release is necessary for preparation of his defense. Instead, he identifies numerous injuries he sustained during an incident on March 3, 2020 and symptoms he has experienced since that time. In addition, he contends that he has decreased respiratory function and is therefore at an increased risk of suffering serious illness or death if he contracts COVID-19.

On the other hand, various factors weigh in favor of detention. First, the allegations against Green are serious. In connection with an alleged violent armed robbery of a taxicab driver and an alleged violent attempted robbery of an ice cream store, Green is charged with conspiracy to commit Hobbs Act Robbery in violation of Title 18, United States Code, Section 1951 (Count One); Hobbs Act Robbery in violation of

Title 18, United States Code Sections 1951 and 2 (Count Two); and Use, Carrying, and Possession of a Firearm in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and 2 (Count Three); and Attempted Hobbs Act Robbery in violation of Title 18, United States Code, Sections 1951 and 2 (Count Four). Photographs of the victim's injuries speak to the violent nature of the offenses with which Green is charged. (See Opposition Exs. A & B.) The Government's evidence is strong, and, if convicted, Green faces a significant sentence, which gives him an incentive to flee. See United States v. Sabhnani, 493 F.3d 63, 76 (2d Cir. 2007) (noting that a defendant's incentive to flee is particularly acute where the evidence against the defendant is strong and the penalties are severe).

Second, Green's prior criminal history, which includes violent crimes, weighs against release. On May 18, 2006, Green pled guilty to criminal possession of a loaded firearm in the third degree. On October 26, 2006, he pled guilty to attempted robbery in the second degree aided by another. On December 18, 2012, he pled guilty to attempted robbery in the second degree aided by another. Green's criminal history also includes misdemeanor convictions for attempted assault in the third degree with intent to cause physical injury and petit larceny in 2011. Green was on parole when the offenses with which he is now charged occurred.

Third, Green has not shown that the MCC and the United States Bureau of Prisons ("BOP") are unable to manage his medical conditions. Defense counsel previously requested a medical visit for Green. Promptly thereafter, BOP communicated, through counsel for the Government, its intent to schedule a medical visit for Green as soon as practicable. More recently, on September 15, 2020, the MCC's medical staff attempted to provide a medical evaluation for Green. However, Green signed a waiver refusing the medical evaluation. (See Opposition Ex. C). Green's medical records reflect that during his visit with medical staff on September 15, 2020, Green informed medical staff that he was "good," and did "not want anything." (Opposition Ex. D, at 2.) His medical records further indicate that the MCC's medical team intends to follow up with Green.

The Court concludes that Green has not provided a sufficiently compelling reason for temporary release given the significant evidence that he remains a danger and a flight risk. Considering the substantial sentence he may face if convicted in this case and the complications that this pandemic presents for pretrial supervision, the Court is persuaded that releasing Green from the MCC would present a serious risk of flight. Green's prior offenses also indicate his dangerousness to the community and weigh against his

release. See United States v. Jackson, 823 F.2d 4, 7 (2d Cir. 1987).

The Court is mindful that the current pandemic poses a substantial threat to the health of inmates with serious medical conditions across the country, and that this threat may present a compelling reason warranting certain defendants' temporary release on bail. However, numerous courts have nevertheless denied bail to defendants with underlying health conditions where the risks that justified the defendants' initial detention continued to outweigh the risks that continued incarceration might pose for the defendants' health. See, e.g., Chambers, 2020 WL 15300746, at *1 (denying bail to defendant with asthma); United States v. Hamilton, No. 19 CR 54, 2020 WL 1323036, at *1-2 (E.D.N.Y. Mar. 20, 2020) (denying bail to defendant with history of stroke and heart attack). On the particular facts of this case, the Court is not persuaded that Green's health conditions amount to a compelling reason justifying his release in light of the many considerations reflecting that he remains both a danger and a flight risk.

Accordingly, for the reasons discussed above, it is hereby **ORDERED** that the motion so deemed by the Court as filed by defendant Roland Green for temporary release on bail

pursuant to 18 U.S.C. Section 3142(i) is **DENIED**. Counsel for the Defendant is directed to mail this order to the Defendant.

**SO ORDERED.**

Dated:  New York, New York
        30 September 2020

_____
Victor Marrero
U.S.D.J.